# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE PRICE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5838** |
| **NEW ORLEANS PARISH CRIMINAL SHERIFF** | **SECTION: "N"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Willie Price, Jr., a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the "New Orleans Parish Criminal Sheriff." In this lawsuit, plaintiff claims that jail officials failed to protect him from an attack by another inmate, Samuel Scott, on August 22, 2007. As relief, plaintiff requests $300,000,000.00 in damages.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as malicious and frivolous for the following reasons.

On the complaint form, plaintiff declares, under penalty of perjury, that he has neither "begun other lawsuits in state or federal court dealing with the same facts involved in this action" nor "previously filed federal lawsuits ... which have been dismissed as frivolous ... or for failure to state a claim for which relief can be granted by any federal court."[2] That declaration is patently untrue. Earlier this year, plaintiff filed a complaint asserting this same claim. On July 13, 2009, this Court dismissed that complaint as frivolous and/or for failing to state a claim upon which relief may be granted. Price v. New Orleans Parish Criminal Sheriff, Civ. Action No. 3573 "N"(3), 2009 WL 2139702 (E.D. La. July 13, 2009).[3] Rather than appealing that dismissal, plaintiff simply filed this new complaint again asserting the same claim.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Complaint, pp. 1-2.

[3] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

A complaint is "malicious" if the claim asserted therein has already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). Because plaintiff has already asserted this same claim in a lawsuit against this same defendant, the instant complaint is subject to being dismissed as malicious.

Further, in any event, the complaint is frivolous because, as noted in the prior dismissal, the claim is prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); see also Smith, 2008 WL 2951279, at *1.

Plaintiff's complaint was filed no earlier than August 11, 2009,[4] well over one year after his claim accrued in 2007. Accordingly, the claim prescribed long before the instant lawsuit was filed. A complaint asserting a prescribed claim is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir.

---

[4] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, August 11, 2009.

3

1998); Smith, 2008 WL 2951279, at *2; Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as malicious and frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of August, 2009.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**